## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## (SOUTHERN DIVISION)

PNC BANK, NATIONAL ASSOCIATION,          Case No.
a national banking association,          Hon.
                                         Mag.

       Plaintiff,

v.

GOYETTE MECHANICAL COMPANY, INC.,
a Michigan corporation, EL MECHANICAL, INC.,
a Michigan corporation, GOYETTE-WEST, INC.,
DOMINIC GOYETTE, and
DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

       Defendants.
_____/

**PLUNKETT COONEY**
Matthew J. Boettcher (P40929)
Patrick C. Lannen (P73031)
Joseph M. Ammar (P41972)
Attorneys for Plaintiff
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI  48304
(248) 901-4000
mboettcher@plunkettcooney.com
plannen@plunkettcooney.com
jammar@plunkettcooney.com
_____/

There is no other civil action between these parties arising out
of the same transaction or occurrence as alleged in this Complaint

By: /s/ Patrick C. Lannen
PATRICK C. LANNEN (P73031)

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

## COMPLAINT

Plaintiff, PNC Bank, National Association, by its attorneys, Plunkett

Cooney, for its Complaint against Defendants, states as follows:

## COMMON ALLEGATIONS

## THE PARTIES

1.      Plaintiff, PNC Bank, National Association ("Plaintiff" or "Bank") is a

national bank chartered under the laws of the United States, with its home office,

as set forth in its articles of association, located in the State of Delaware. The

principal place of business of PNC Bank, National Association, is in the

Commonwealth of Pennsylvania.

2.      Defendant, Goyette Mechanical Company, Inc. ("Goyette

Mechanical"), upon information and belief, is a Michigan corporation whose

registered office address is 3842 Gorey Avenue, Flint, Michigan 48506. Upon

information and belief, Defendant Goyette Mechanical's principal place of

business is in the State of Michigan.

3.      Defendant, EL Mechanical, Inc. ("EL Mechanical"), upon information

and belief, is a Michigan corporation whose registered office address is 6401 E.

Seven Mile Road, Detroit, Michigan 48234. Upon information and belief,

Defendant EL Mechanical's principal place of business is in the State of Michigan.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

4.      Defendant, Goyette-West, Inc. ("Goyette-West"), upon information and belief, is a Michigan corporation whose registered office address is 3842 Gorey Avenue, Flint, Michigan 48506. Upon information and belief, Defendant Goyette-West's principal place of business is in the State of Michigan.  Goyette Mechanical, EL Mechanical and Goyette-West are individually and collectively referred to as the "Borrower."

5.      Defendant, Dominic Goyette ("Dominic Goyette") is an individual who, upon information and belief, resides at 6089 Plantation Drive, Grand Blanc, Michigan 48439, is domiciled in the State of Michigan, and intends to make a home in the State of Michigan indefinitely.

6.      Defendant, Dominic T. Goyette Trust Dated August 26, 1998, as amended ("Goyette Trust") is a Michigan trust maintaining its address at 6089 Plantation Drive, Grand Blanc, Michigan 48439. Dominic T. Goyette is the Trustee of the Goyette Trust, is domiciled in the State of Michigan, and intends to make a home in the State of Michigan indefinitely.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as complete diversity exists between the parties, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(a), because the facts and circumstances giving rise to this cause of action occurred in Genesee County, Michigan and Wayne County, Michigan.

## THE LOAN DOCUMENTS

9.    Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above by reference, with the same force and effect as if fully repeated.

10.    On February 29, 2012, Defendant Borrower made and delivered to the Bank a certain Second Amended and Restated Committed Line of Credit Note, as supplemented by a Working Cash®, Line of Credit, Investment Sweep Rider dated June 22, 2011 and Borrowing Base Rider dated June 22, 2011 ("Line of Credit Note"), copies of which are attached as **Exhibit A**, in order to evidence a loan that Bank extended to Defendant Borrower in the original principal amount of $6,000,000.00.

11.    On June 21, 2013, Defendant Borrower made and delivered to the Bank an Amended and Restated Term Note ("Restated Term Note"), a copy of

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

which is attached as **Exhibit B,** in order to evidence a term loan that Bank

extended to Defendant Borrower in the original principal amount of $451,107.54.

The Line of Credit Note and the Restated Term Note are collectively referred to as

the "Notes."

12.    In conjunction with Bank's extension of credit to Borrower, on

September 13, 2011, Borrower and Bank executed an Amended and Restated Loan

Agreement (the "Loan Agreement") which set forth additional terms and

conditions governing the loan relationship.   A copy of the Loan Agreement is

attached as **Exhibit C**.

13.    To secure the repayment of the Notes and all indebtedness of

Borrower to Bank, Defendant Goyette Mechanical executed an Amended and

Restated Security Agreement in favor of Bank, dated June 13, 2012 (the "Goyette

Mechanical Security Agreement"), granting Bank a security interest in all of its

assets ("Goyette Mechanical Collateral"), a copy of which is attached as **Exhibit

D**.

14.    To secure the repayment of the Notes and all indebtedness of

Borrower to Bank, Defendant EL Mechanical executed an Amended and Restated

Security Agreement in favor of Bank, dated June 13, 2012 (the "EL Mechanical

5

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

Security Agreement"), granting Bank a security interest in all of its assets ("EL

Mechanical Collateral"), a copy of which is attached as **Exhibit E**.

15.    To secure the repayment of the Notes and all indebtedness of

Borrower to Bank, Defendant Goyette-West executed a Security Agreement in

favor of Bank, dated June 13, 2012 (the "Goyette-West Security Agreement"),

granting Bank a security interest in all of its assets ("Goyette-West Collateral"), a

copy of which is attached as **Exhibit F**.    The Goyette Mechanical Security

Agreement, EL Mechanical Security Agreement and Goyette-West Security

Agreement are collectively referred to as the "Security Agreements."   The Goyette

Mechanical Collateral, EL Mechanical Collateral and the Goyette-West Collateral

are collectively referred to as the "Collateral."

16.    As additional support for the timely payment and performance of the

Notes, on February 29, 2012, Defendant Dominic Goyette made and delivered to

Bank a Second Amended and Restated Limited Guaranty and Suretyship

Agreement (the "Dominic Goyette Guaranty"), a copy of which is attached as

**Exhibit G**.

17.    As additional support for the timely payment and performance of the

Notes, on March 2, 2012, Defendant Goyette Trust made and delivered to Bank a

Guaranty and Suretyship Agreement Guaranty (the "Goyette Trust Guaranty"), a

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

copy of which is attached as **Exhibit H**. The Dominic Goyette Guaranty and the

Goyette Trust Guaranty are collectively referred to as the "Guaranties."

18.    On September 13, 2011, the Borrower, Bank and Dominic Goyette

executed a Subordination Agreement ("Subordination Agreement"), a copy of

which is attached as **Exhibit I**.

19.    The Borrower and Bank entered into a Waiver and Amendment to

Loan Documents dated September 13, 2011, a Second Amendment to Loan

Documents dated February 29, 2012, a Waiver and Third Amendment to Loan

Documents dated June 13, 2012, and a Waiver and Fourth Amendment to Loan

Documents dated June 21, 2013 (collectively, the "Amendments to Loan

Documents," copies of which are attached as **Exhibit J**.

20.    The Notes, Loan Agreement, Security Agreements,  Guaranties,

Subordination Agreement, Amendments to Loan Documents and all other related

documents are referred to collectively as the "Loan Documents."

## THE DEFAULTS

21.    Defendant Borrower failed to comply with the Minimum Tangible

Net Worth covenant and Funded Debt to EBITDA covenant, as set forth in the

Loan Agreement. Defendant Goyette Mechanical has acknowledged and agreed

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

that the failure to comply with the foregoing covenants constitutes Events of Default under the Loan Documents.

22.     Pursuant to its rights under the terms of the Loan Documents, Bank demanded the full and immediate repayment of all sums owing from Defendants, pursuant to the Notes and the Guaranties.  The Bank has also demanded that the Borrower immediately turn over to Bank all checks payable to Borrower that have not yet been deposited. A copy of the notice of default and demand for payment dated January 28, 2014 is attached as **Exhibit K**.

23.     Despite Bank's demand for the full and immediate repayment of all sums owing under the Notes and Guaranties, and Bank's demand that Borrower turn over to Bank all checks payable to Borrower that have not yet been deposited, Defendants have failed to honor their obligations to Plaintiff.

## COUNT I

## **BREACH OF LINE OF CREDIT NOTE**

24.     Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 23 above by reference, with the same force and effect as if fully repeated.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

25.    Pursuant to its rights under the Line of Credit Note, Bank has demanded the full and immediate repayment of all sums owing thereunder from Defendant Borrower.

26.    Despite the demand for payment, Defendant Borrower has failed, neglected and refused to repay the sums owing to Plaintiff pursuant to the Line of Credit Note.

27.    As of February 3, 2014, the principal sum of $5,423,796.35 was owing and due under the Line of Credit Note to Plaintiff, together with accrued and unpaid interest of $1,202.68, for a total, exclusive of additional costs and fees, of $5,424,999.03.

28.    Under the Line of Credit Note, Defendant Borrower agreed to pay all of Plaintiff's costs incurred in its collection, including reasonable attorney fees.

**WHEREFORE,** Plaintiff PNC Bank, National Association requests that this Honorable Court enter judgment in its favor, and against Defendants, Goyette Mechanical Company, Inc., EL Mechanical, Inc. and Goyette-West, Inc., jointly and severally, in the sum of $5,424,999.03, and award Plaintiff its costs and attorneys' fees incurred in the prosecution of this action, together with interest thereon as provided for by statute from and after February 3, 2014.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

# COUNT II

## BREACH OF RESTATED TERM NOTE

29.    Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 28 above by reference, with the same force and effect as if fully repeated.

30.    Pursuant to its rights under the Restated Term Note, Bank has demanded the full and immediate repayment of all sums owing thereunder from Defendant Borrower.

31.    Despite the demand for payment, Defendant Borrower has failed, neglected and refused to repay the sums owing to Plaintiff pursuant to the Restated Term Note.

32.    As of February 3, 2014, the principal sum of $398,478.32 was owing and due under the Restated Term Note to Plaintiff, together with accrued and unpaid interest of $411.74, for a total, exclusive of additional costs and fees, of $398,890.06.

33.    Under the Restated Term Note, Defendant Borrower agreed to pay all of Plaintiff's costs incurred in its collection, including reasonable attorney fees.

**WHEREFORE,** Plaintiff PNC Bank, National Association requests that this Honorable Court enter judgment in its favor, and against Defendants, Goyette

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

Mechanical Company, Inc., EL Mechanical, Inc. and Goyette-West, Inc., jointly

and severally, in the sum of $398,890.06, and award Plaintiff its costs and

attorneys' fees incurred in the prosecution of this action, together with interest

thereon as provided for by statute from and after February 3, 2014.

## COUNT III

### BREACH OF DOMINIC GOYETTE GUARANTY

34.    Plaintiff restates and incorporates the allegations set forth in

Paragraphs 1 through 33  above by reference, with the same force and effect as if

fully repeated.

35.    As set forth in Count I and Count II above, Defendant Borrower is in

default of its obligations to Plaintiff.

36.    By reason of the default by Defendant Borrower, as described above,

Plaintiff is entitled to recover $3,500,000.00, plus all accrued and unpaid interest

and all costs and expenses from Defendant Dominic Goyette, in accordance with

the terms of the Dominic Goyette Guaranty.

37.    Defendant Dominic Goyette has failed to honor the terms of the

Dominic Goyette Guaranty, by his failure to repay the sums owing under the Notes

and the Dominic Goyette Guaranty, and despite demand therefor by Bank.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint

_____

38.     As of February 3, 2014, there remains a balance owing to Plaintiff on the Notes, in the aggregate amount in excess of $3,500,000.00, with further interest currently accruing thereon at the rate specified in the Notes for which Defendant Dominic Goyette is personally liable pursuant to the terms of the Dominic Goyette Guaranty.

39.     Pursuant to the terms of the Dominic Goyette Guaranty, Defendant Dominic Goyette agreed to reimburse Plaintiff for its costs and attorneys' fees incurred in the enforcement thereof.

**WHEREFORE,** Plaintiff PNC Bank, National Association, requests that this Honorable Court enter judgment in its favor, and against Defendant Dominic Goyette, in the sum of $3,500,000.00, and also award Plaintiff its costs and attorneys' fees incurred in the prosecution of this action, together with interest thereon as provided for by statute from and after February 3, 2014.

## COUNT IV

## BREACH OF GOYETTE TRUST GUARANTY

40.     Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 39 above by reference, with the same force and effect as if fully repeated.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

41.     As set forth in Count I and Count II above, Defendant Borrower is in default of its obligations to Plaintiff.

42.     By reason of the default by Defendant Borrower, as described above, Plaintiff is entitled to recover all sums owing under the Notes from Defendant Goyette Trust, in accordance with the terms of the Goyette Trust Guaranty.

43.     Defendant Goyette Trust has failed to honor the terms of the Goyette Trust Guaranty, by its failure to repay the sums owing under the Notes, and despite demand therefor by Bank.

44.     As of February 3, 2014, there remains a balance owing to Plaintiff on the Notes, in the aggregate amount of $5,823,889.09, with further interest currently accruing thereon at the rate specified in the Notes for which Defendant Goyette Trust is liable pursuant to the terms of the Goyette Trust Guaranty.

45.     Pursuant to the terms of the Goyette Trust Guaranty, Defendant Goyette Trust agreed to reimburse Plaintiff for its costs and attorneys' fees incurred in the enforcement thereof.

**WHEREFORE,** Plaintiff PNC Bank, National Association, requests that this Honorable Court enter judgment in its favor, and against Defendant Dominic T. Goyette Trust Dated August 26, 1998, as amended, in the sum of $5,823,889.09, and award Plaintiff its costs and attorneys' fees incurred in the prosecution of this

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

action, together with interest thereon as provided for by statute from and after February 3, 2014.

## COUNT V

## CLAIM AND DELIVERY

46.     Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 45 above by reference, with the same force and effect as if fully repeated.

47.     As set forth in Count I and Count II above, Defendant Borrower has failed to repay the sums owing to Plaintiff pursuant to the Notes, despite demand having been made by Bank.

48.     Pursuant to the terms of the Security Agreements and the Michigan Uniform Commercial Code, Plaintiff is entitled to possession of the Collateral upon the failure of Defendant Borrower to repay the Notes as agreed.

49.     Plaintiff's security interest in the Collateral is senior to the interests of the Defendants and is perfected pursuant to financing statements filed with the Michigan Secretary of State on July 13, 2011 and September 13, 2012.  Copies of the financing statements are attached as **Exhibit L**.

50.     The Collateral consists of independent pieces of property or a portion of divisible property of uniform kind, quality and value.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

51.    The Collateral is not in the Defendants' custody by virtue of any execution or attachment against the personal property of Plaintiff, nor by virtue of any warrant for the collection of taxes, assessments or fines.

52.    The Collateral is presently subject to damage, accident, sale, deterioration due to the passage of time, depreciation, and disposal or dissipation by Defendants. In particular, Defendant EL Mechanical has diverted accounts in violation of the Bank's rights as a secured creditor under Article 9 of the Uniform Commercial Code.

53.    Upon information and belief, the Collateral has an aggregate value which may be less than the indebtedness owing to Plaintiff.

54.    Pursuant to the terms of the Security Agreements and the Loan Documents, Plaintiff is entitled to recover all costs, expenses and reasonable attorneys' fees from Defendants, which are incurred in locating and obtaining possession of the Collateral.

**WHEREFORE**, Plaintiff PNC Bank, National Association, requests that this Honorable Court:

A.    Issue an Order requiring Defendants Goyette Mechanical Company, Inc., EL Mechanical, Inc. and Goyette-West, Inc. to show cause why this Honorable Court should not order the Collateral to be delivered to Plaintiff forthwith, in accordance with MCR 3.105 and MCL §600.2920; and,

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

B.    Order and adjudge that Defendants Goyette Mechanical, EL Mechanical and Goyette-West immediately deliver an inventory of the Collateral to Plaintiff describing same by item, type and location, or permitting Plaintiff to perform same forthwith, together with an accounting of the proceeds realized from sales or collections of same; and,

C.    Order and adjudge that Defendants Goyette Mechanical, EL Mechanical and Goyette-West deliver the Collateral to Plaintiff, or that Plaintiff be permitted to seize same within 21 days, pursuant to MCR 3.105(E)(4)(c); and,

D.    Order and adjudge Plaintiff to be authorized to dispose of the Collateral pursuant to MCL §440.9610; and,

E.    Enter judgment in favor of Plaintiff, and against Defendants, jointly and severally, for any deficiency that may exist after the disposition of the Collateral pursuant to Paragraph D above, together with costs, attorneys' fees and interest as provided for by statute; and,

F.    Determine the priority of Plaintiff's interest in the Collateral; and,

G.    Grant Plaintiff any other relief as this Honorable Court shall deem just and appropriate.

## COUNT VI

## APPOINTMENT OF RECEIVER

55.    Plaintiff restates and incorporates the allegations set forth in Paragraphs 1 through 54 above by reference, with the same force and effect as if fully repeated.

16

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

56.     Pursuant to the terms of the Security Agreements, the Bank has the right to notify account debtors and other obligors on any Collateral of its assignment to the Bank, and that all payments thereon should be made directly to the Bank, and the Bank has full power and authority to collect, endorse sell or otherwise deal with the Collateral at any time upon an event of default. See **Exhibits D, E and F**, paragraphs 5(a) and 7(d).

57.     Defendant Borrower has continued to operate its business, without making full payment to Plaintiff, despite demand therefor.

58.     Defendant EL Mechanical has failed to account for proceeds of operations and turn over accounts to Plaintiff.   Moreover, Defendant EL Mechanical has diverted accounts and interfered with the Bank's collection of the Chrysler account in violation of the Bank's rights as a secured creditor under Article 9 of the Uniform Commercial Code.

59.     By virtue of the foregoing, Plaintiff has suffered irreparable harm, and is at risk of the deterioration or loss of the security for the repayment of the Notes *i.e.,* the Collateral, and the income derived therefrom.

60.     Defendants Goyette Mechanical and Goyette-West have consented to the appointment of a receiver.

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

61.     Pursuant to the Loan Documents and the consent of Goyette Mechanical and Goyette-West, the appointment of a receiver for the EL Mechanical Collateral, and the income derived therefrom, is warranted and appropriate.

**WHEREFORE,** Plaintiff PNC Bank, National Association, requests that this Honorable Court enter an order:

A.     Appointing a receiver with full powers and authority over the EL Mechanical Collateral for the purposes of preventing its disposal or dissipation, and the enforcement and performance of the provisions of the Notes, Security Agreements and other related Loan Documents; and,

B.     Authorizing the receiver to take possession of the EL Mechanical Collateral; to do all things necessary or appropriate to obtain maximum realization therefrom; to preserve and protect same, and to exercise such control and management of the EL Mechanical Collateral, including but not limited to repair, maintenance, payment of taxes, insurance and indebtedness owing to Plaintiff, as the Court may direct, pursuant to the provisions of the applicable Loan Documents, statutes and court rules; and,

C.     Requiring EL Mechanical to turn over to the receiver all income and proceeds from the EL Mechanical Collateral, from and after the date of default, except to the extent such income and proceeds were used for the operation, management and maintenance of the EL Mechanical Collateral; and,

D.     Enjoining all Defendants, and all persons and entities acting by, through or in concert with them, from interfering in any manner with the receiver's operation and management of the EL Mechanical Collateral  securing repayment of the indebtedness

PNC Bank v. Goyette Mechanical Company, Inc., et al.
Complaint
_____

owing to Plaintiff; the collection of income generated by the operations of the EL Mechanical Collateral; or, the receiver's performance of any other powers or duties conferred upon the receiver by this Court, all during the pendency of this action, and until redemption of the EL Mechanical Collateral, to grant the receiver such other authority as the Court may deem fair and equitable; and,

E.   Granting Plaintiff such other relief as the Court deems appropriate.

**PLUNKETT COONEY**

By: /s/ PATRICK C. LANNEN
     Matthew J. Boettcher (P40929)
     Patrick C. Lannen (P73031)
     Joseph M. Ammar (P41972)
     Attorneys for Plaintiff
     38505 Woodward Avenue,
     Suite 2000
     Bloomfield Hills, MI 48304
     (248) 901-4000
     mboettcher@plunkettcooney.com
     plannen@plunkettcooney.com
     jammar@plunkettcooney.com

Dated:  February 4, 2014

Open.03654.40270.13701536-1