UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

      Plaintiff and Counter-defendant,

v.

GOYETTE MECHANICAL COMPANY, INC.,
GOYETTE-WEST, INC., DOMINIC GOYETTE,
and DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

      Defendants, Cross-plaintiffs,
      and Cross-defendants,

and

E.L. MECHANICAL, INC.,

      Defendant, Counter-plaintiff,
      Cross-plaintiff, and Cross-defendant,

and

GOYETTE MECHANICAL COMPANY, INC.,
GOYETTE-WEST, INC., DOMINIC GOYETTE,
And DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

      Third-party plaintiffs,

v.

GERALD PEGUESE, PS DESIGN SYSTEMS, LLC,
ISAIAH STOVALL, and CARLA JACKSON-STOVALL,

      Third-party defendants.

                                                                    /

Case Number 14-10527
Honorable David M. Lawson

**FIRST INTERIM FEE APPLICATION OF RUSSELL D. LONG, RECEIVER, ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C., AS COUNSEL FOR THE RECEIVER, AND O'KEEFE ASSOCIATES CONSULTING, LLC, AS FINANCIAL ADVISOR TO THE RECEIVER**

Russell D. Long, Receiver over E.L. Mechanical, Inc., Goyette Mechanical Company, Inc. and Goyette-West, Inc. and their assets (the "Receiver"), Erman, Teicher, Zucker & Freedman, P.C. ("ETZF") as counsel for the Receiver, and O'Keefe Associates Consulting, LLC ("O'Keefe"), as Financial Advisor to the Receiver file this First Interim Fee Application (the "Application") (Receiver, ETZF and O'Keefe are collectively the "Applicants") and request this Court enter an interim order approving fees and expenses and ordering the payment of same, and in support of the Application state as follows:

### I. Background

1. On April 25, 2014, this Court entered its Order Appointing Receiver [Docket No. 64] (the "Receivership Order") appointing Russell Long of O'Keefe Associates Consulting, LLC as Receiver over E.L. Mechanical, Inc. ("EL"), Goyette Mechanical Company, Inc. ("GMCI") and Goyette-West, Inc. ("GW") (collectively, the "Receivership Entities") and their assets (collectively with the Receivership Entities, the "Receivership Estate"). The Receivership Order granted the Receiver certain powers, authorities, rights and privileges described in the Receivership Order necessary to "marshal and preserve all assets of the

2

Receivership Entities, take control of the business of the Receivership Entities, collect revenue, pay creditors, and then allow the parties to continue separately or wind up their affairs, as may be appropriate…" (Receivership Order, ¶1).

2. Upon his appointment, the Receiver engaged the services of ETZF as his attorney, which engagement was approved by the Court in the Order Granting Receiver's Motions to Employ Counsel and a Consultant entered May 20, 2014 [Doc. No. 80] (the "Employment Order").

3. The Employment Order also authorized the Receiver's employment of O'Keefe Associates Consulting, LLC as a financial advisor.

4. This Application covers fees incurred for the period April 24, 2014 through May 31, 2014 for the Receiver and O'Keefe; and for the period May 5, 2014 through May 31, 2014 for ETZF. It requests the approval of the following fees:

    a. Receiver: fees $30,114.00 and costs $1,083.89 (Exhibit 1);

    b. ETZF: fees $6,800.00 and costs $96.17 (Exhibit 2)

    c. O'Keefe: fees $16,552.50 and costs $553.08 (Exhibit 3);

5. The Receivership Order provides that "The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement . . . and may charge an hourly rate that is reasonable and customary for like services in

the community, but in no event more than $315 per hour." (Receivership Order ¶46) Fees have been billed at $315 per hour, unless the professional who provided the services charges a lower hourly rate, and then the lower rate has been charged.[1]

## II. Summary of Services and Case Status

6. The Receiver filed his Interim Status Report for Period ending May 31, 2014 on June 13, 2014 [Doc. No. 89] (the "Status Report"). The Status Report contains detailed information on the Receiver's actions since his appointment and advises the Court of the status of this matter through May 31, 2014.

7. The amount of funds on hand as of June 17, 2014 for the Receivership Entities is $3,821,565. All funds are subject to the lien of PNC Bank.

8. Since his appointment as receiver, the Receiver took control of the Receivership Entities' assets. In this regard, the Receiver has had a number of meetings with the principals of the Defendants in an effort to understand the day-to-day operations of GMCI, to monitor the ongoing operations of the Receivership Entities, and to actively participate in the management of same. Due to the complexity of GMCI's financial operations, the Receiver was made a signatory to GMCI's bank accounts. There are no disbursements from the GMCI accounts

---

[1] $315 per hour is lower than the standard hourly rate for the following professionals who have billed time during the period covered by this Application: for Russell Long, the standard hourly rate is $325; for Mike Deighan, the standard hourly rate is $350; for Earle I. Erman, the standard hourly rate is $450, and for Julie Teicher the standard hourly rate is $425.

4

without the Receiver's express approval and authority. The Receiver has reviewed GMCI's books and records, with a particular focus on payables and receivables. The Receiver has focused on maintaining current operations and continuity of work, review of GMCI's projections for continued and new business, financial performance, work in process and completing unfinished work (which was the precipitating event for this receivership case). The Receiver has conducted meetings with current customers and contract counter-parties, and reviewed and worked with management relative to the Receivership Entities' ongoing operations.

9. The Receiver reviewed the operations of GW and was advised that GW was formed to handle a single job at Fort Hood in Texas. The only item to complete during the Receivership was to collect the final payment of $36,168 from the customer, which was completed on May 23, 2014. The funds were subsequently transferred to GMCI's cash collateral account and all operations of GW ceased.

10. EL ceased operations in early April 2014. The only remaining employees of EL are Gerald Peguese, the owner of EL and Anthony Miarka, the CFO of the company. Upon entry of the Receivership Order, Mr. Deighan met with Mr. Miarka and Mr. Peguese to review the status of the operations, inspect the inventory and assets located on EL's site, discuss other assets that may be located

off site, review the insurance policies, discuss the status of the accounts receivable and accounts payables, and discuss the receivership process and procedures that will dictate the actions of all parties going forward. The Receiver gave notice of the receivership to all the customers of EL in the form of a letter with a copy of the Receivership Order.

11. The Receiver is in the process of completing the inventory and determining the fair market value of all of the assets including equipment, storage bins and tool boxes.

12. There are outstanding balances due from Chrysler of approximately $1.2 million, both directly and indirectly through other contractors, on completed and to be completed jobs. EL has two outstanding contracts at Chrysler, the Warren Truck plant ("WTAP") and the Jefferson Avenue Paint Shop ("JNAP") which have work to be completed. Chrysler is holding all funds owed to EL until the remaining work at WTAP and JNAP is completed. On June 9th, the Receiver met with plant management at WTAP and JNAP to discuss the status of the work to be completed and the outstanding receivables on completed jobs. The Receiver is taking the necessary steps to complete the remaining work at Chrysler and collect the outstanding receivables from all customers.

13. O'Keefe has provided ongoing support to the Receiver, including review of the Receivership Entities' books and records, day-to-day operations and

management, and administrative support in the operations of the Receivership Entities and Receivership Estate.

14. ETZF has provided ongoing support to the Receiver, which has included review of and compliance with the Receivership Order, interfacing with counsel for the parties to this action, consulting with Paul Goyette regarding "ordinary course" legal matters for GMCI, review of the UCC searches and loan documents pertaining to the Receivership Entities, and assisting the Receiver as requested in the performance of his duties.

### III. Fee Applications and Consent of Parties

15. Copies of all of the invoices for which payment is requested in this Application were furnished to all counsel of record with a request to advise if there is any objection to the allowance and payment of the requested fees, or if there is consent to the fees. All counsel have advised that they consent to the allowance and payment of the requested fees.

16. This is the first Interim Fee Application in this case. The Receiver requests that all fees and costs requested be allowed and paid in full by PNC Bank, as required by ¶46 of the Receivership Order.

## IV. Certifications

17. Attached to the time summaries included as Exhibits 1 through 3 are certifications from the Receiver and a representative of O'Keefe and ETZF which certify that: 1) the representative has read this Application; 2) to the best of the representative's knowledge, information and belief after reasonable inquiry, the Application and fees and expenses in the time records are true and accurate; 3) the fees and expenses in the time records are based on the rates listed in the fee schedules attached to the time records and the fees and expenses are reasonable, necessary and commensurate with the skill and experience required for the activity performed; 4) the fees and expenses do not include the amortization of the cost of any investment, equipment or capital outlay (except permitted copying charges); 5) the fees and expenses do not include amounts for third party services above and beyond the amounts paid to such third party vendor; 6) the fees and expenses were incurred in the best interests of the Receivership Entities; and 7) the representative has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Entities, or any sharing thereof.

## V. Conclusion

Wherefore, Applicants request the Court grant the Interim Fee Application, and approve and authorize the payment of all fees and costs requested herein.

        Respectfully submitted,

        ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

        BY:  */s/ Julie Beth* Teicher
            JULIE BETH TEICHER (P34300)
            Counsel for the Receiver
            400 Galleria Officentre, Suite 444
            Southfield, MI 48034
            (248) 827-4100
            jteicher@ermanteicher.com

DATED:    June 18, 2014

F:\OTHERINS\Goyette\First Interim Fee application 6 12 14.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

       Plaintiff and Counter-defendant,

Case Number 14-10527
v.                                         Honorable David M. Lawson

GOYETTE MECHANICAL COMPANY, INC.,
GOYETTE-WEST, INC., DOMINIC GOYETTE,
and DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

       Defendants, Cross-plaintiffs,
        and Cross-defendants,
and

E.L. MECHANICAL, INC.,

       Defendant, Counter-plaintiff,
        Cross-plaintiff, and Cross-defendant,
and

GOYETTE MECHANICAL COMPANY, INC.,
GOYETTE-WEST, INC., DOMINIC GOYETTE,
And DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

       Third-party plaintiffs,
v.

GERALD PEGUESE, PS DESIGN SYSTEMS, LLC,
ISAIAH STOVALL, and CARLA JACKSON-STOVALL,

       Third-party defendants.
_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 18, 2014, the First Interim Fee Application of Russell D. Long, Receiver; Erman, Teicher, Zucker & Freedman, P.C., as Counsel for the Receiver; and O'Keefe Associates Consulting, LLC, as Financial Advisor to the Receiver and Certificate of Service were electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

                                                      */s/ Julie Beth* Teicher
                                                      JULIE BETH TEICHER  (P34300)
                                                      Erman, Teicher, Zucker & Freedman, P.C.
                                                      Counsel for the Receiver
                                                      400 Galleria Officentre, Suite 444
                                                      Southfield, MI  48034
                                                      (248) 827-4100
                                                      jteicher@ermanteicher.com

DATED:   June 18, 2014