UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC BANK, NATIONAL ASSOCIATION,

        Plaintiff and Counter-defendant,

v.

Case Number 14-10527
Honorable David M. Lawson

GOYETTE MECHANICAL COMPANY, INC.,
GOYETTE-WEST, INC., DOMINIC GOYETTE,
and DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

        Defendants, Cross-plaintiffs,
        and Cross-defendants,

and

E.L. MECHANICAL, INC.,

        Defendant, Counter-plaintiff,
        Cross-plaintiff, and Cross-defendant,

and

GOYETTE MECHANICAL COMPANY, INC.,
GOYETTE-WEST, INC., DOMINIC GOYETTE,
and DOMINIC T. GOYETTE TRUST DATED
AUGUST 26, 1998, AS AMENDED,

        Third-party plaintiffs,

v.

GERALD PEGUESE, PS DESIGN SYSTEMS, LLC,
ISAIAH STOVALL, and CARLA JACKSON-STOVALL,

        Third-party defendants.
_____/

**ORDER GRANTING IN PART RECEIVER'S MOTION TO DISBURSE FUNDS TO
PNC BANK, N.A., AND FOR OTHER RELIEF**

On July 23, 2015, the Court-appointed Receiver filed a motion to disburse funds to PNC Bank, N.A., and for other relief. The Receiver is seeking Court approval to disburse $900,000 to PNC Bank and to authorize *nunc pro tunc* all prior disbursements by the Receiver to PNC Bank. On July 31, 2015, E.L. Mechanical ("ELM") filed a response objecting to the disbursement of funds until a judgment had been entered against it. On August 4, 2015, PNC Bank filed a reply in support of the Receiver's motion. The Court granted PNC Bank's motion for summary judgment on September 22, 2015 and judgment was entered on November 5, 2015. ELM has opposed the motion, arguing that the request is premature because liability issues remained. However, the Court has granted PNC Bank's motion for summary judgment and entered judgment against the defendants. The distribution requested by the Receiver should now be made. The Receiver had the authority to make the previous distributions, so Court approval after the fact is not necessary. Therefore, the Receiver's motion to disburse $900,000 to PNC Bank will be granted in part.

The Court appointed the Receiver on PNC Bank's motion on April 25, 2014. In the appointment order, the Court granted the Receiver "all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Entities." The Receiver was allowed "[t]o take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Entities." The order required the Receiver to, among other things, "pay creditors." And "[t]he Receiver [was] authorized to take all actions to manage, maintain, and wind-down business operations of the Receivership Entities, including making legally required payments to creditors."

On September 17, 2014, the Court granted the Receiver's motion to require ELM to turn over its assets and approved the sale of those assets. The Court further ordered "that the Receiver will not distribute the proceeds of sale without the agreement of the Bank and further order of this Court." The net proceeds of the sale of ELM's vehicles and machinery was $431,248.98. During the course of the receivership, the Receiver made five payments to PNC Bank, the last of which was on November 26, 2014. To date, the Receiver reports that he has paid $1,800,000 to PNC Bank against the obligations owed by the parties. The Receiver has retained $1,170,526.61 resulting from the sale of assets and collection activities related to ELM. He seeks authority to pay $900,000 of that fund to the Bank to be applied to the current obligations, which have been reduced to judgment.

"In a receivership proceeding, the district court has 'broad powers and wide discretion' in crafting relief." *Quilling v. Trade Partners, Inc.*, 572 F.3d 293, 298 (6th Cir. 2009) (quoting *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 668 (6th Cir. 2001)). "The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) (citing 13 Moore's Federal Practice ¶¶ 66.02–.03 (3d ed.1999)). "As an officer of the court, the receiver's powers are coextensive with his order of appointment." *Ibid.*

In its response to the present motion, ELM objected to the disbursement of the funds collected from the sale of ELM assets and collection of ELM accounts' receivable and miscellaneous claims. ELM argued that the funds should not be disbursed until PNC Bank had a judgment against ELM. The Court entered Judgment on November 5, 2015. Therefore, the grounds underlying ELM's objection to the present motion no longer exist.

The Receiver's prior disbursements were proper; therefore, there is no need to authorize such payments *nunc pro tunc*. The Receiver's "powers are coextensive with his order of appointment." *Liberte Capital Grp.*, 462 F.3d at 551. PNC Bank is a first priority, perfected secured creditor of ELM. The receivership order expressly provides the Receiver authority to make payments to creditors. Therefore, the Receiver had the authority, coextensive with this Court's order, to make payments to PNC Bank and no further authorization of those prior payments is necessary.

Accordingly, it is **ORDERED** that the Receiver's motion to disburse funds to PNC Bank, N.A., and for other relief [dkt. #223] is **GRANTED IN PART**. The Receiver may disburse $900,000 to PNC Bank, N.A., to be applied against the judgment entered November 5, 2015.

It is further **ORDERED** that the proceeds resulting from this Court's sale order [dkt. #120] may be disbursed pursuant to the receivership order.

It is further **ORDERED** that the Receiver take immediate steps to complete his tasks, wind down the Receivership, and prepare a final report.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   November 9, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 9, 2015.

s/Susan Pinkowski  
Susan Pinkowski